CAROLINE M. WALKER *vs.* JESSE B. TEWKSBURY, and the INHABIT-
ANTS OF ATKINSON, trustees.

Piscataquis.    Decided July 3, 1877.

*Trustee process.*

The general rule, that a writ against an individual which may be fully served
fourteen days before one term of the S. J. court is not properly returnable
at a subsequent term, does not apply where the date of the writ and the service
on a corporation named as trustee therein, are less than thirty days prior to the
return day of the earlier term.

*Thus,* where a trustee writ was dated February 7, 1876, served on the inhabitants
of a town as trustees the next day and on the principal defendant, February
12, and made returnable to and entered at the September term instead of the
preceding February term, which commenced its session February 29: *Held,* that
a motion to dismiss was properly overruled.

ON EXCEPTIONS.

ASSUMPSIT on note.    On the second day of the return term,
Tewksbury filed a motion to dismiss the action, because the writ,
which was dated February 7, 1876, served upon trustees February
8, 1876, and upon the principal defendant February 12, 1876,
was made returnable to and entered at the September term,
instead of the preceding February term for said county, which
commenced its session on February 29, 1876, the said writ having
been made and fully served more than fourteen days before the
February term.

The presiding justice overruled the motion; and the defendant
alleged exceptions.

*A. G. Lebroke,* for the principal defendant.

*W. P. Young,* for the plaintiff.

APPLETON, C. J.    The time in which service is to be made and
the mode and manner of serving process are regulated by statute.

The statute authorizes trustee process and prescribes the service
when individuals are defendants and trustees.

By R. S., c. 81, § 18, process upon corporations must be served
" thirty days before the return day thereof."

By c. 131 of the acts of 1873, an amendment is made of the

eighth section of R. S., c. 86, and it is therein provided that "all corporations may be summoned as trustees, and the writs served on them as other writs on such corporations."

The creditor may sue out trustee process and attach the property of his debtor in the hands and possession of a corporation. He can only make a valid service on such corporation by giving thirty days notice. There is no time in which he has not a right to such process when process can be legally sued out and served. The writ cannot have different return days—one for the defendant and another for the corporation sued as trustee. As the right to sue out trustee process is given to all and at all times in which process may be sued out, it follows that the service to be made upon the defendant must correspond to that upon the trustee, else there will be periods of time each year in which no suit against a corporation as trustee can be sued out and served. Nor does the defendant suffer any harm thereby, as there is no rule of the common law or provision of the statute which forbids his payment of what he may owe before the return day of the writ.

*Exceptions overruled.*

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.